**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4067**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSE LUIS HERNANDEZ CANO,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas David Schroeder, District Judge. (1:10-cr-00089-TDS-2)

Submitted: September 27, 2011          Decided: October 13, 2011

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Hernandez Cano pled guilty to one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (2006), and one count of possession of firearms by an illegal alien in violation of 18 U.S.C. § 922(g)(5) (2006). The district court sentenced Hernandez Cano to eighty-three months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in his view there are no meritorious issues for appeal. Hernandez Cano was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel first questions generally whether the indictment was sufficient. Our review of the indictment discloses no defects.

Second, counsel suggests review of the Rule 11 hearing. Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "In reviewing the adequacy of compliance with Rule 11, this

court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." Defusco, 949 F.2d at 116. We have thoroughly reviewed the record in this case, and conclude that the district court complied with the mandates of Rule 11 in accepting Hernandez Cano's guilty plea.

Finally, counsel questions whether Hernandez Cano's sentence of eighty-three months, based on an advisory range of seventy to eighty-seven months, was reasonable based on the totality of the circumstances. We review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A reasonableness review includes both procedural and substantive components. Id. A sentence is procedurally reasonable where the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or insufficiently explaining the selected sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010).

The substantive reasonableness of a sentence is assessed in light of the totality of the circumstances. Gall, 552 U.S. at 51. While a sentence may be substantively unreasonable if the § 3553(a) factors do not support the sentence, "[r]eviewing courts must be mindful that, regardless

3

of 'the individual case,' the 'deferential abuse-of-discretion standard of review . . . applies to all sentencing decisions.'" United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011) (citing Gall, 552 U.S. at 52). Moreover, a sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We find Hernandez Cano's sentence to be reasonable. The record discloses that the district court properly considered the factors under § 3553(a), and explained why the sentence was imposed based on the totality of the circumstances. The court referenced the large quantity of drugs involved and the type of weapons and ammunition that were being placed illegally into circulation, which included an assault rifle. Further, the court considered Hernandez Cano's history and his lesser culpability in this particular scenario, while noting that he had entered the United States illegally on at least two occasions.

In accordance with Anders, we have reviewed the record in this case and found no meritorious issues for appeal. We accordingly affirm the conviction and sentence. This court requires that counsel inform Hernandez Cano in writing of the right to petition the Supreme Court of the United States for further review. If Hernandez Cano requests that a petition be

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez Cano. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>